ROTHENBERG & CAMPBELL
Howard Rothenberg, Esquire
Attorney I.D. #38804
345 Wyoming Ave, Suite 210
Scranton, PA 18503
Phone: 570.207.2889 || Fax: 570.207.3991
hrlaw01@gmail.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANNIE JACKSON<br>1005 South 14th St.<br>Fernandina Beach, FL 32034 | :<br>:<br>: |
| Plaintiffs | : |
| vs. | : CIVIL ACTION - LAW<br>: JURY TRIAL DEMANDED |
| TAILGATERS LAKESIDE, LLC<br>1284 Hamlin Highway<br>Lake Ariel, Pa 18436 | :<br>:<br>: |
| Defendant | : No. |

**COMPLAINT**

AND NOW comes the Plaintiff, Dannie Jackson, by and through his counsel, Howard A. Rothenberg, Esquire of Rothenberg & Campbell, and hereby complains against the Defendant as follows:

1. Plaintiff is Dannie Jackson who is an adult and competent individual and who currently resides at 1005 South 14th St., Fernandina Beach, FL 32034.  Plaintiff is a citizen of the State of Florida.

2. Defendant, Tailgaters Lakeside, LLC, is believed to be a Limited Liability Corporation with its principal place of business located at 1284 Hamlin Highway, Lake Ariel, PA 18436. It is believed that the Defendant was formed and/or incorporated under and pursuant to the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant was the owner and in possession of and was responsible for the operation and maintenance of that property located at 1284 Hamlin Highway, Lake Ariel, Pa 18436.

3. This Honorable Court has proper jurisdiction over this matter in that the parties are citizens of different states therefore causing diversity to exist and the amount in controversy is in excess of $75,000.00. (28 U.S.C. Section 1332).

4. Venue is proper in this Honorable Court in that the actions forming the basis of this claim occurred within the confines of the Middle District of Pennsylvania (Wayne County).

## COUNT I

## DANNIE JACKSON vs. TAILGATERS LAKESIDE, LLC

## NEGLIGENCE

5. Plaintiff incorporates by reference the averments contained in the preceding paragraphs as if set forth fully at length herein.

6. At all times relevant hereto, Defendant owned, possessed and/or operated and was responsible for maintaining that property located at 1284 Hamlin Highway, Lake Ariel, Pa 18436.

7. On or about April 26, 2023, while lawfully on the premises of Defendant, Plaintiff was caused to slip and fall as a result of coming into contact with a dangerous condition created by the Defendant, or placed in that location by the Defendant, to wit, a piece of wet and slippery kitchen countertop and/or a piece of kitchen countertop which was placed in such a location by Defendant that when Plaintiff stepped on it, the piece of kitchen countertop moved causing Plaintiff to lose his balance and be violently thrown to the ground causing the Plaintiff to sustain severe, disabling and permanent injuries which will be outlined herein.

8. At all material times hereto and in particular on April 26, 2023, the Defendant, by and through its agents, servants and/or representatives and as the owners, possessors and/or maintainers of said property were responsible for seeing to it that the property was not dangerous and was free of any defects which could cause injury.

9. Defendants, by and through their agents, servants and/or representatives, as owners, possessors and maintainers of the property wherein this accident occurred, had a duty, under law, to conduct a reasonable inspection of the premises and to either warn persons, such as Plaintiff, of any dangers and/or correct any defective conditions which would be dangerous to persons such as the Plaintiff.

10. Defendant, by and through its agents, servants and/or employees, knew, or with the exercise of reasonable inspection, should have known of the dangerous condition prior to the happening of this accident herein and allowed for many days and weeks for said dangerous condition to exist in that area giving rise to this occurrence.

11. It is believed and therefore averred in the alternative that Defendant, by and through its agents, servants and/or employees physically placed the piece of kitchen countertop in the location where it was when Plaintiff encountered it and therefore created the dangerous condition which caused Plaintiff's injury.

12. The negligence, carelessness and recklessness of Defendant, by and through its agents, servants and/or employees either individually and/or jointly, consisted of the following:

a. in then and there permitting a dangerous condition to exist on their premises where they knew, or with reasonable inspection should have known, that pedestrian traffic would travel such as Plaintiff;

b. in then and there failing to make proper and timely inspections of the premises in order to discover this dangerous condition;

c. in then and there failing to take timely and proper remedial steps in order to correct this dangerous condition after they knew or should have known of the existence of same;

d. in then and there failing to maintain the area at or near the scene of the accident in a proper, safe and adequate manner when said Defendant knew, or with the exercise of reasonable care should have known, of the dangerous condition existing therein;

e. in failing to maintain the area in a proper, safe and adequate manner for the safe and proper travel by pedestrian traffic such as Plaintiff;

f. in failing to provide proper and adequate supervisory and maintenance programs, inspection programs, correction programs or other programs or procedures to assure proper, safe and adequate pedestrian areas under the care, custody and control of the Defendant;

g. in failing to provide warning devices or other methods of warning and/or advising pedestrians of the dangerous condition concerning the area in question;

h. in failing to maintain the area in question in a reasonably safe condition at or near the site of the accident alleged therein;

i. in failing to exercise reasonable care under all of the existing circumstances;

j. in creating the dangerous condition by placing the piece of kitchen countertop in the location where it was when Plaintiff encountered it;

k. in creating the dangerous condition by placing the piece of kitchen countertop in the location where Defendant knew or should have known that persons such as Plaintiff would traverse.

l. in failing to recognize that when placing the piece of kitchen cabinet where it was located when Plaintiff encountered it, the ground underneath the piece of kitchen cabinet was not level, such that when Plaintiff encountered it, it moved throwing Plaintiff off balance and causing his injuries;

m. in failing to recognize that the piece of kitchen cabinet placed in the location that it was by Defendant would be exposed to the outdoor elements which would cause it to become slippery and create a dangerous condition for those such as Plaintiff who Defendant knew, or should have known, traversed that area; and

n. such other negligence as discovery may reveal.

13. The negligence, carelessness and/or recklessness of the Defendant, by and through its agents, servants and/or employees, was the proximate cause of the accident and injuries sustained by the Plaintiff as outlined herein.

14. As a result of the negligence, carelessness and/or recklessness of the Defendant, by and through its agents, servants and/or employees, the Plaintiff was caused to be violently thrown to the ground suffering severe, debilitating and permanent injuries which include, but are not limited to the following: injury to right ankle, bimalleolar avulsion fracture right ankle, splinting and/or bracing of right ankle, surgery consisting of placement of plating and screws, hospitalization, physical therapy, bruising, permanent range of motion issues, substantial pain and suffering, manipulation of injury, and shock to Plaintiff's nerves and nervous system.

15. By reason of the negligence, carelessness and recklessness of the Defendant, by and through its agents, servants and/or employees, the Plaintiff has sustained serious and permanent, personal injuries by reason of which he has been rendered sick, sore and disabled as a result of which he has suffered and yet suffers and shall continue to suffer for an indefinite period of time into the future.

16. Plaintiff avers that as a result of the negligence, carelessness and recklessness of the Defendant, by and through its agents, servants and/or employees, he has sustained such injuries as a result of which he has been required to receive and undergo medical attention and care and has incurred medical expenses and will incur medical expenses into the future.

17. As a result of the aforesaid injuries sustained by Plaintiff, Plaintiff has been and yet is and will forever in the future be unable to go about his usual and daily occupation and routine.

18. Plaintiff has been informed and therefore avers that the injuries sustained in this accident are permanent in nature.

19. As a result of the injuries sustained by Plaintiff as described above, Plaintiff has suffered and will continue to sustain for the remainder of his life loss of wages and/or diminution in earning capacity.

WHEREFORE, Plaintiff, Dannie Jackson, demands judgment against Defendant, Tailgaters Lakeside, LLC, in an amount in excess of the jurisdictional limits for this Court together with interest, costs and attorneys fees.

ROTHENBERG & CAMPBELL

By: _____
Howard Rothenberg, Esquire
Attorney for Plaintiff